FILED
CLERK
2/1/2023 4:07 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ADRIENNE BROWN of Transitional Housing
& Resources; Transitional Housing & Resources,

                    Plaintiffs,

    -against-

JUDGE STEPHEN UKEILEY, ET AL.,

                    Defendants.
---------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-7214 (JMA)(AYS)

**JOAN M. AZRACK, District Judge:**

    Before the Court is the in forma pauperis ("IFP") application filed by pro se Plaintiff Adrienne Brown ("Plaintiff"). For the following reasons, Plaintiff's IFP application is denied without prejudice and with leave to renew upon completion of the AO 239 Long Form IFP application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $402.00 filing fee.

    The purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system. See Davis v. N.Y.C. Dep't of Educ., No. 10-cv-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citation omitted). To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., No. 10-cv-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citation omitted). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

An initial review of Plaintiff's IFP application reveals responses to the posed questions that are largely non-responsive and/or indecipherable. For example, in the space that asks for a description of any items owned of value, Plaintiff wrote: "I pay property tax's on this property!! Lights [indecipherable] of the [indecipherable]." (ECF No. 2, ¶ 5.) Plaintiff has similarly failed to provide any of the requested financial information, including her regular monthly expenses, the amount of money she contributes to support others dependent upon her for financial support, or any debt or financial obligations. (Id. ¶¶ 6-8.) Moreover, although Plaintiff includes a residential address of record and a telephone number, she does not include any monthly expenses associated therewith. (See Compl., ECF No. 1.)

Given the absence of the required information, together with the fact that Plaintiff's responses raise more questions than they answer, Plaintiff's application is denied without prejudice and with leave to renew upon completion of the Long Form application enclosed with this Order within twenty-one (21) days from the date of this Order. Alternatively, Plaintiff may remit the $402.00 filing fee. Plaintiff is warned that, once paid, there are no refunds of the filing fee, regardless of the outcome of the case.[1] Further, Plaintiff is cautioned her failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff has also included an entity, Transitional Housing & Resources, as a co-plaintiff. However, the complaint is signed only by Plaintiff in her own capacity and the entity has not

---

[1] Plaintiff may consult with the Hofstra Law School Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Pro Se Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the Pro Se Clinic can be conducted remotely via telephone and may be scheduled by sending an email to PSLAP@Hofstra.edu or by leaving a message at (631) 297-2575.

submitted an IFP application. Under 28 U.S.C. § 1654, <u>pro se</u> plaintiffs "may plead and conduct their own cases personally or by counsel." As a non-lawyer, Plaintiff cannot represent anyone other than herself. <u>Iannaccone v. Law</u>, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause <u>pro se</u> means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him.") (citation omitted); <u>see also</u> <u>Shapiro, Bernstein & Co. v. Continental Record Co.</u>, 386 F.2d 426, 427 (2d Cir. 1967) (<u>per curiam</u>) (layperson may not represent a corporation.). Further, federal courts do not allow corporations, partnerships, associations, and other artificial entities to appear in court without an attorney. <u>Rowland v. California Men's Colony, Unit II Men's Advisory Council</u>, 506 U.S. 194, 202, 113 S. Ct. 716, 721 (1993) (citation omitted). Accordingly, the Court dismisses any claims alleged on behalf of Transitional Housing & Resources without prejudice and with leave to renew within sixty (60) days by counsel entering an appearance on its behalf.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at her address of record.

**SO ORDERED**.

Dated: February 1, 2023
      Central Islip, New York

              /s/ (JMA)
      Joan M. Azrack
      United States District Judge