UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

10/12/2023 3:47 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

----------------------------------------------------------X
ADRIENNE BROWN, of Transitional Housing
& Resources,

       Plaintiff,

   -against-

JUDGE STEPHEN UKEILEY, ET AL.,

       Defendants.
----------------------------------------------------------X

**ORDER**
22-CV-7214 (JMA)(AYS)

**JOAN M. AZRACK, District Judge:**

 Before the Court is the renewed *in forma pauperis* application filed by *pro se* plaintiff Adrienne Brown ("Plaintiff").[1]   Upon review, the Court finds that Plaintiff's reported financial position qualifies her to proceed with this action without prepayment of the filing fee. Accordingly, the Court grants Plaintiff's renewed *in forma pauperis* application.   However, for the reasons that follow, the Court finds that Plaintiff has not set forth a plausible claim for relief. Accordingly, the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.**  **Background**

 A.  The Complaint

 Plaintiff's complaint is difficult to decipher.   It appears that Plaintiff seeks to challenge underlying state court foreclosure and eviction proceedings and names Suffolk County District Court Judges Stephen L. Ukeiley ("Judge Ukeiley") and Cheryl M. Helfer ("Judge Helfer"), as

---

[1] Plaintiff had included an entity, Transitional Housing & Resources ("TH&R"), as a co-plaintiff.   However, because the complaint is signed only by Plaintiff in her own capacity and the entity has not submitted an *in forma pauperis* application, together with that fact that *pro se* plaintiffs "may plead and conduct their own cases personally or by counsel" *see* 28 U.S.C. § 1654; *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citation omitted) (federal courts do not allow corporations, partnerships, associations, and other artificial entities to appear in court without an attorney), the Court dismissed any claims brought by TH&R. *See* ECF Entry No. 9 at 1 n. 1. Further, the Court afforded TH&R sixty (60) days to appear through counsel to revive such claims. (*Id.*) That time period has long expired and counsel has not appeared in this case.

well as Wells Fargo Bank N.A. ("Wells Fargo") and the Suffolk County Sheriff ("Sheriff" and collectively, "Defendants") as Defendants.   The complaint is submitted on the Court's civil rights complaint form for actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983") with an additional forty-six pages of attachments and is difficult to comprehend.   (ECF Entry Nos. 1, 6.) In the space on the form complaint that asks for the facts of the case, Plaintiff wrote that, from April 2022 to the present, at 1610 Manatuck Boulevard in Bay Shore, New York:[2]

> The facts underlying my claim is a regard to real property and hostile takeover violating one civil rights with this case before the federal courts.   Government employer or government worker and or building of the government cannot own property (Chapter 4e, 72 of the Constitution).   My case was held in federal court even though it a civil case matter and I was not include in the matter or any matter concerning the property in court even though have been paying property taxes on said property!

(*Id*. at ¶ III.)   In the space that calls for a description of any injuries suffered as a result, Plaintiff wrote:

> This case has trigger me mentally which ongoing has been affecting me physically stressed about my org. and the fact that I invested so much financially and mentally. All physical labor to maintain the property.

(*Id*. at ¶ IV.)   For relief, Plaintiff seeks to recover a damages award in the sum of $5 million for damages to her "mental & physical health."   (*Id*. at ¶ V.)

Plaintiff has annexed documents to her complaint pertaining to a state court foreclosure action and landlord-tenant holdover proceeding in Suffolk County.   *See* ECF No. 1 at 12-55.   It appears from the documents that Judge Helfer signed a warrant of eviction on July 28, 2022 directing the Suffolk County Sheriff to evict persons on the premises of 1610 Manatuck Boulevard, in Bay Shore New York pursuant to a "[f]inal decision in favor of the petitioner(s): (1) Wells Fargo

---

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

Bank, N.A. . . . on the judgment of possession entered in the Suffolk County District Court – 5th District on July 28, 2022."[3] The documents further reflect that 1610 Manatuck Boulevard, Bay Shore, New York was conveyed ultimately to Wells Fargo by a Referee's Deed in Foreclosure, dated March 19, 2018.   (ECF Nos. 1, 6 at 9-55.)

## II.    Discussion

### A.    *In Forma Pauperis* Application

Upon review of Plaintiff's declaration in support of her renewed application to proceed *in forma pauperis*, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee.   28 U.S.C. § 1915(a)(1).   Therefore, Plaintiff's renewed application to proceed *in forma pauperis* (ECF No. 11) is granted.

### B.    Standard of Review

The *in forma pauperis* statute requires that a court dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *see also Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997).   In addition, the court is required to read a plaintiff's pro se amended complaint liberally and interpret it as raising the strongest arguments it suggests.   *United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011) (*per curiam*) (citation omitted).

---

[3]  Notably, this is Plaintiff's address of record in this case.

3

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf*. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

**C.   Section 1983**

Plaintiff alleges that her claims arise under Section 1983. (*See* ECF No. 1, Compl. ¶ II.A.) Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege

4

two essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law."   *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted).   Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*; *see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).   Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law.   *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010).   An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)).   Rather, as the Second Circuit Court of Appeals more recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability."   *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

Applying these standards, as is readily apparent, Plaintiff has not alleged a plausible Section 1983 claim against any Defendant.   Wholly absent are any facts alleging conduct or

inaction attributable to any Defendant. (*See* Compl., ECF 1, *in toto*.) Indeed, apart from the caption, none of the Defendants are even mentioned in the statement of claim or elsewhere in the complaint. (*Id.*) Nor does Plaintiff allege that any of the Defendants' conduct or inaction deprived her of some "rights, privileges or immunities secured by the Constitution or laws of the United States." (*Snider*, 188 F.3d at 53; *see* Compl., ECF No. 1 *in toto*.) To the extent that Plaintiff seeks to impose Section 1983 liability against the Sheriff, she has failed to "plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti*, 983 F.3d at 618. Further, with regard to Wells Fargo, Plaintiff does not allege that this Defendant is a state actor or otherwise acted under color of state law. (*See* Compl., ECF No. 1 *in toto*.) Plaintiff's claims against Judge Ukeiley and Judge Helfer must be dismissed for the additional reasons that they are barred by sovereign immunity and absolute judicial immunity as set forth below.

## 1. **Sovereign Immunity**

Insofar as Plaintiff seeks to impose Section 1983 liability on Judge Ukeiley and Judge Helfer, such claims are barred by the Eleventh Amendment's sovereign immunity. The Eleventh Amendment to the Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

In essence, the Eleventh Amendment prevents non-consenting states from being sued by private individuals in federal court. *See Bd. of Tr. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). "It is well-established that New York State has not consented to Section 1983 suits in federal court . . . and that Section 1983 was not intended to override a state's sovereign immunity." *Mamot v.*

*Board of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (internal citation omitted).   To the extent that Judge Ukeiley and Judge Helfer are being sued in their official capacities, they are protected by sovereign immunity as guaranteed by the Eleventh Amendment. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted).   Accordingly, the Eleventh Amendment precludes Plaintiff's Section 1983 claims seeking monetary damages from Judge Ukeiley and Judge Helfer. Accordingly, Plaintiff's Section 1983 claims against Judge Ukeiley and Judge Helfer are implausible and are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

## 2. <u>Judicial Immunity</u>

Plaintiff's Section 1983 claims against Judge Ukeiley and Judge Helfer must also be dismissed because they are absolutely immune from suit. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities.   *Mireles v. Waco*, 502 U.S. 9, 11 (1991).   Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id*. (citations omitted).   However, absolute judicial immunity does not apply when the judge acts "outside" his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature).   But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S.

349, 356 (1978).

Here, although Plaintiff includes no allegations against either judge in the complaint, the supporting exhibits reflect that Judge Helfer signed a Warrant of Eviction under Index No. LT-000674-22/IS and Judge Ukeiley did not sign a "Landlord and Tenant Order to Show Cause to Vacate a Default Judgment" under the same index number.   (Compl., ECF No. 1 at 12, 14.) Thus, Plaintiff's claims against Judge Ukeiley and Judge Helfer arise solely of out of responsibilities while presiding over the underlying state court eviction proceedings and fall squarely within their jurisdiction.   The Court therefore dismisses Plaintiff's Section 1983 claims against Judge Ukeiley and Judge Helfer under the doctrine of judicial immunity.   *See* 28 U.S.C. § 1915(e)(2)(B); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."). In the absence of a plausible Section 1983 claim against any Defendant, her Section 1983 claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### D.   State Law Claims

With regard to any state law claims that may plausibly be construed from the complaint, under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."   *Id*. § 1367(c); (c)(3); *see Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d. Cir. 2011).   The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial,

the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a viably pled federal law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the allegations in the complaint.   Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and Plaintiff may pursue any such claims in state court.

### III.   <u>Leave to Amend</u>

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."   *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).   Here, the Court has carefully considered whether Plaintiff should be granted leave to amend her complaint.   In an abundance of caution, Plaintiff is granted leave to file an amended complaint in accordance with this Memorandum and Order.   Plaintiff shall: (1) clearly label her submission "Amended Complaint"; (2) include the same docket number as this Order, 23-CV-7214(JMA)(AYS); and (3) file it within thirty (30) days from the date of this Order.   Plaintiff is cautioned that the Amended Complaint will completely replace the present complaint and, therefore, she must include all claims against any proper defendants she seeks to pursue in the Amended Complaint and shall include factual allegations concerning the challenged conduct pertaining to each Defendant.   If Plaintiff does not file an Amended Complaint within

the time allowed, judgment shall enter and this case will be closed.

Plaintiff is encouraged to consult with the Hofstra Law *Pro Se* Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated *pro se* litigants.   The Court notes that the *Pro Se* Clinic is not part of, nor affiliated with, the United States District Court.   The Clinic offers services such as: providing brief legal counseling; explaining federal court rules and procedures; and reviewing and editing draft pleadings. Consultations with the *Pro Se* Clinic can be conducted remotely via telephone. To make an appointment, email the *Pro Se* Clinic at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

## IV.   **Conclusion**

For the forgoing reasons, the Plaintiff's renewed application to proceed *in forma pauperis* is granted.   However, Plaintiff's complaint is dismissed *sua sponte* in its entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).   Plaintiff is granted leave to file an Amended Complaint in accordance with this Memorandum and Order.   If Plaintiff elects to amend her complaint, she shall clearly label her submission "Amended Complaint," include the same docket number as this Memorandum and Order, 22-CV-7214(JMA)(AYS), shall file it within thirty (30) days from the date of this Order.   Plaintiff is cautioned that the Amended Complaint will completely replaces the original complaint.   Therefore, Plaintiff must include all claims against any proper defendants she seeks to pursue in the Amended Complaint.   If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter and this case will be closed.

The Court declines to exercise supplemental jurisdiction over any remaining state law claims alleged in the complaint and Plaintiff may pursue any valid claims she may have against

any Defendants in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall mail a copy of this Order to the Plaintiff at her address of record and note such mailing on the docket.

**SO ORDERED**.

Dated:    October 12, 2023
             Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge

11